# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OKLAHOMA WATER RESOURCES BOARD, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. CIV-12-275-G |
| UNITED STATES OF AMERICA et al., | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Now before the Court is Plaintiff Oklahoma Water Resources Board's Motion for Dismissal Pursuant to Fed. R. Civ. P. 41(a)(2) (Doc. No. 134), filed December 6, 2023. No response has been filed within the time permitted by the Court's local rules.

For good cause shown, the unopposed Motion for Dismissal is GRANTED pursuant to Federal Rule of Civil Procedure 41(a)(2).

Upon review of the record and consideration of Plaintiff's Motion for Dismissal Pursuant to Fed. R. Civ. P. 41(a)(2), the Court FINDS as follows:

(1) This case was stayed by order of the Court on March 27, 2012, along with a concurrent stay entered in *Choctaw Nation of Oklahoma and Chickasaw Nation v. Fallin et al.*, No. CIV-11-927, to allow settlement negotiations to proceed as among the State of Oklahoma (then Governor Mary Fallin and the OWRB) (collectively "State"), the Choctaw Nation of Oklahoma, the Chickasaw Nation (collectively "the Nations"), the City of Oklahoma City ("City"), and the United States to resolve the issues raised by

the respective actions. Settlement negotiations proceeded thereafter and upon request of the State, the Nations, the City, and the United States, the Court extended the stay in both cases multiple times to allow settlement discussions to progress.

(2) After almost five years of negotiations, the State, the Nations, the City, and the United States reached a settlement that was executed by the State, the Nations, and the City in August 2016, approved, ratified, and confirmed by the Settlement Act, Pub. Law 114-322, section 3608, 130 Stat. 1628, 1796-1814 (Dec. 16, 2016), and a Settlement Agreement revised to conform with the Settlement Act was executed by the State, the Nations, the City, and the United States on January 15, 2021.

(3) The Settlement Agreement and the Settlement Act settle and determine the water rights and rights to water of the Nations in the State of Oklahoma.  The Settlement Agreement and the Settlement Act constitute a final determination of the Nations' water rights and rights to water in the State of Oklahoma and are binding on the State, the United States, and the Nations.  Accordingly, notwithstanding the dismissal of the instant action without prejudice as to the State, the City, the Trust, and the United States, the Settlement Agreement shall be binding on the State, the City, the Trust, the Nations, and the United States as trustee for the Nations in any future general stream adjudication in the State of Oklahoma as to the Nations' water rights and rights to water and to which the United States has been properly made a party in its capacity as trustee for the Nations.

(4) The dismissal of the instant action should be without prejudice as to all other parties.

(5) Plaintiff requests dismissal of the instant action shall be effective as of the Enforceability Date as defined in the Settlement Act and the Settlement Agreement unless the OWRB notifies the Court that the Enforceability Date has not occurred and moves to vacate the order of dismissal on that basis.

IT IS HEREBY ORDERED:

1. Effective on the Enforceability Date as defined in the Settlement Act and Settlement Agreement, the above-captioned action is dismissed without prejudice as to the United States as trustee for the Nations the City, the Trust, and the State subject to the conditions set forth herein;

2. The Settlement Agreement and the Settlement Act settle and determine the water rights and rights to water of the Nations in the State of Oklahoma. The Settlement Agreement and the Settlement Act constitute a final determination of the Nations' water rights and rights to water in the State of Oklahoma and are binding on the State, the United States, and the Nations. Accordingly, notwithstanding the dismissal of the instant action without prejudice as to the State and the United States, the Settlement Agreement shall be binding on the State, the Nations, and the United States as trustee for the Nations in any future general stream adjudication in the State of Oklahoma as to the Nations' water rights and rights to water and to which the United States has been properly made a party in its capacity as trustee for the Nations;

3. Effective on the Enforceability Date as defined in the Settlement Act and Settlement Agreement, the above-captioned action is dismissed without prejudice as to all other parties;

3

4. Dismissal shall be without further action of the Court or notice to the parties, unless the Plaintiff notifies the Court through a motion to vacate the order of dismissal that the Enforcement Date has not occurred; and

5. Within sixty (60) days of the Secretary of the United States Department of the Interior's publishing in the Federal Register the Certification required by section 3608(i) of the Settlement Act, the OWRB shall file a notice with the Court that includes a copy of the Certification.

6. Counsel for Defendant United States of America shall mail a copy of this Order to each individual and entity identified as respondent or defendant in the state court proceeding, if such individual or entity will not receive a copy of the Order through the Court's electronic filing system.

IT IS SO ORDERED this 28th day of December, 2023.

_____
CHARLES B. GOODWIN
United States District Judge